# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TY SCHISSEL,

                Plaintiff,

      v.                                                                   Case No. 06-C-747

STEVEN B. CASPERSON,
RICHARD VERHAGEN,
PATRICK LYNCH, and
MS. NICHOLAI,

                Defendants.

## DECISION AND ORDER

Plaintiff Ty Schissel filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his rights under the United States Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Americans with Disabilities Act (ADA), the International Convention on the Elimination of All Forms of Discrimination, and he alleges a state law claim that the defendants violated their oaths of office. The plaintiff has paid the filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

At all times relevant, the plaintiff was a Wisconsin state prisoner in the custody of the Wisconsin Department of Corrections (DOC). Defendant Steven Casperson is the Administrator of the DOC Division of Adult Institutions; defendant Richard Verhagen is the Director of the DOC Bureau of Offender Classification and Movement; and defendants Patrick Lynch and Ms. Nicholai are Classification Specialists at Stanley Correctional Institution. The plaintiff sues the defendants in both their individual and official capacities.

The complaint contains the following Summary of Claims section, which explains the basis for the plaintiff's lawsuit:

> This action comes before the Court because the defendants are, individually and collectively, utilizing classification procedures and regulations in plaintiff's classification proceedings that continue to violate plaintiff's constitutional rights to due process and equal protection, and are being applied ex post facto to plaintiff. Said action is discriminatory, violates plaintiff's liberty of conscience and constitutes cruel and unusual punishment because plaintiff has a due process liberty interest in being subjected to lawful classification procedures. Said action[s] of the defendants violated plaintiff's First Amendment rights under the United States Constitution; his rights under the Religious Land Use and Institutionalized Persons Act [RLUIPA]; his rights under the Americans with Disabilities Act, and his rights under the International Convention of the Elimination of all forms of Discrimination. Plaintiff seeks relief that would invalidate the State classification procedures applied to plaintiff insofar as they are against the mandates of the United States [C]onstitution; plaintiff seeks declaratory and injunctive relief under Wilkinson v. Dotson, 125 S. Ct. 1242. As a pendent State law claim, the actions of the defendants also violated their Oaths of Office for which plaintiff seeks trial by jury and allowable compensatory and punitive damages, suit tax, court costs and attorney fees, against each of the defendants.

(Compl. at 4 ¶ 26.)

The plaintiff alleges that classification procedures violated his rights under federal and state law because in each of his custody classification hearings held at out-of-state facilities, none of the committee members were "from the bureau of offender classification and movement," contrary to Wis. Admin. Code §§ DOC 302.03[1] and 302.16.[2] (*Id.* at 3 ¶ 18.) The plaintiff also alleges that the defendants continue to house him with prisoners who have mixed security classifications. "For example, plaintiff is presently classified medium security and is confined at SCI, a Statutorily defined medium security institution [See Attachment I]; yet, SCI houses prisoners of all security ratings together with each other [See Attachment D]." (*Id.* at 4 ¶ 21.) He further alleges that other Wisconsin prisoners readily get security overrides to go to lesser security institutions before their "scheduled" dates." (*Id.* at 4 ¶ 22.)

The plaintiff contends that housing him in institutions with prisoners who have higher security ratings than he does violates his rights under the Eighth Amendment as well as his Fourteenth Amendment right to due process of law. It is unclear how this situation would violate the Eighth Amendment. The plaintiff does not allege that any defendant failed to protect him from harm, nor does he allege that he was denied any basic life necessity such as food, warmth, or exercise. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). In addition, a prisoner does not have a liberty interest in remaining in the prison of his choice. *Meachum v. Fano*, 427 U.S. 215, 225

---

[1] (3) "Classification specialist" means the A&E [assessment and evaluation] or program review staff person from the bureau of offender classification and movement.

Wis. Admin. Code § DOC 302.03(3).

[2] Every correctional institution and center shall have a program review committee composed of the following members:

(1) The director shall designate a classification specialist as the chairperson of the program review committee in a correctional institution.

Wis. Admin. Code § DOC 302.16(1).

(1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). Thus, a prisoner cannot invoke procedural due process safeguards to challenge either his initial assignment to a facility or to question his transfer from one institution to another, whether the transfer occurs intrastate or interstate. *Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983); *Caldwell v. Miller*, 790 F.2d 589, 603 (7th Cir. 1986). Prison officials have the discretion to transfer prisoners for any number of reasons even if the conditions at the new place of incarceration are much more restrictive or less desirable. *Meachum*, 427 U.S. at 225-27. Such being the case, the plaintiff may not proceed on a claim under the Eighth or Fourteenth Amendment.

Next, the plaintiff argues that the defendants are violating his rights under RLUIPA "because plaintiff believes he should be treated fairly and according to the law." (Compl. at 5 ¶ 29.) With regard to his RLUIPA claim, the plaintiff goes on to state that the defendants continue to deny him due process classification proceedings that conform to law in that:

- a. The procedure utilized was not in effect at the time of plaintiff's crime[s] – i.e. applying ex post facto rule to plaintiff.

- b. Plaintiff's documented disabilities under the Americans with Disabilities Act were not considered.

- c. Plaintiff's safety is not being considered, pursuant to the Department of Correction's own Admin. Code 302.02 [See Attachment J].

- d. The defendants subjected plaintiff to illegal Program Review Committees while he was in out-of-state, contract facilities.

- e. The defendants' actions also violated the following Wisconsin Statutes:
  - i. 940.295 Abuse of Residents of a Penal Facility.
  - ii. 302.08 Humane Treatment of Prisoners
  - iii. 947.013 Harassment

  ... insofar as said actions have caused plaintiff mental anguish and sleepless nights because plaintiff believed he would be subjected to classification rules, fairly and equally, and not have to be confined with maximum security prisoners; moreover, the defendants have not informed plaintiff of what he must do under the new ex post

> facto rules applied to him, to gain transfer to a lesser security institution other than serve more time.

(*Id.*) The plaintiff also contends that the defendants' actions were contrary to the mandates of the International Convention on the Elimination of All Forms of Discrimination "wherein other Wisconsin prisoners readily get security overrides to go to lesser security institutions before their regularly 'scheduled' dates." (*Id.* at 5 ¶ 30.)

RLUIPA, 42 U.S.C. § 2000cc-1, prohibits prisons that receive federal funding from substantially burdening an inmate's religious exercise unless the step in question is the least restrictive way to advance a compelling state interest. *See Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006). Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The plaintiff's reference to RLUIPA and the ADA is confusing because his complaint does not mention a religion or any form of discrimination on the basis of any disability. Thus, he may not proceed on a claim under either statute. The plaintiff also mentions the mandates of the International Convention on the Elimination of All Forms of Discrimination. The International Conventional on the Elimination of all Forms of Racial Discrimination, a treaty that was ratified by the United States in 1994, is not applicable in this case. *See Grutter v. Bollinger*, 539 U.S. 306, 344 (2003) (Ginsburg, J., concurring).

The plaintiff further contends that he is being denied equal protection and due process of law "wherein the Program Review Classification Summary sheets produced by the illegal classification committee . . . will remain in plaintiff's prison file for the next 50 years, pursuant to Statute." (*Id.* at 5 ¶ 31.) Finally, with respect to his state law claim, the plaintiff contends that the defendants "violated their oaths of office under ch.19, Wisconsin Stats., when they conducted said

6

Case 2:06-cv-00747-RTR   Filed 10/04/06   Page 6 of 10   Document 5

unconstitutional program review classification hearing and acquiesced to same jointly." (*Id.* at 5 ¶ 32.)

Wisconsin Statute § 301.21(2m)(a) provides that the DOC "may enter into one or more contracts with a private person for the transfer and confinement in another state of prisoners who have been committed to the custody of the department." In addition, that statute grants the DOC the authority to delegate to employees at a private correctional facility in another state the responsibility of conducting reviews and making recommendations on the security classifications and program assignments of Wisconsin prisoners incarcerated in that facility. *See* Wis. Stat. 301.21(2m)(a)(8) (Any such contract shall provide for "[a]ny other matters as are necessary and appropriate to fix the obligations, responsibilities and rights of Wisconsin and the private person with which the department is contracting."); *State ex rel. Treat v. Puckett*, 643 N.W.2d 515 (Wis. Ct. App. 2002).

The plaintiff does not contest the constitutionality of Wis. Stat. § 301.21(2m)(a)(8). In any event, even if he did, it is well-settled that Wis. Stat. § 301.21 (Contracts for the transfer and confinement of Wisconsin prisoners in other states) is constitutional. In *Pischke v. Litshcer*, 178 F.3d 497, 501 (7th Cir. 1999), the court held that Wisconsin prisoners' challenge to the statute as violating the Thirteenth Amendment's proscription on involuntary servitude was frivolous. The court also stated, "[n]or are we pointed to or can think of any other provision of the Constitution that might be violated by the decision of a state to confine a convicted prisoner in a prison owned by a private firm rather than by a government." *Id.* at 500. The court reasoned:

> The Wisconsin statute authorizing transfer to private prisons required those prisons to adhere to "the same standards of reasonable and humane care as the prisoners would receive in an appropriate Wisconsin institution," Wis. Stat. Ann. § 301.21(2m)(a)(7), and no evidence has been presented that this requirement is being or will be flouted, let alone that the private prisons will fall below federal (Eighth

7

> Amendment) standards for the treatment of prisoners. A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity.

*Id.* The plaintiff's claim that employees of the out-of-state private facility where he was incarcerated conducted his classification hearings is therefore frivolous. Moreover, the court declines to exercise jurisdiction over a state law claim based on these allegations. *See* 28 U.S.C. 1367(a).

The plaintiff also advances a potential equal protection claim because other prisoners get security overrides to go to "lesser security institutions before their 'scheduled' dates" while the plaintiff does not. (Compl. at 4 ¶ 22.) Although lawful imprisonment deprives prisoners of many rights, it does not strip them of the right to equal protection of the laws. *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988) ("Prisoners do not surrender their rights to equal protection at the prison gate."). "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). In light of the foregoing, the plaintiff may proceed on an equal protection claim.

In sum, the court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. However, he may proceed only on an equal protection claim.

**MOTION FOR DISCLOSURE OF ASSETS**

The plaintiff has filed a motion for disclosure of assets. He moves the court for disclosure of assets of the defendants in case they fail to comply with the conditions of the injunction and further violate his rights. The local rules of this court require "[e]very motion must set forth the rule pursuant to which it is made . . . [and] [i]f the movant fails to comply . . . the Court may deny

8
Case 2:06-cv-00747-RTR   Filed 10/04/06   Page 8 of 10   Document 5

the motion as a matter of course." Civ. L.R. 7.1(a) (E.D. Wis.). The plaintiff's motion fails to set forth the rule pursuant to which it is made and the court will deny the motion on that basis.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for disclosure of assets (Docket #2) is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff serve upon each defendant a copy of the complaint, a waiver of service form, and/or the summons, and a copy of this order;

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint;

**IT IS FURTHER ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a person copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 4th day of October, 2006.

                                          BY THE COURT:

                                          s/ Rudolph T. Randa
                                          RUDOLPH T. RANDA
                                          Chief United States District Judge