**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TY SCHISSEL,

               **Plaintiff,**

      -vs-                                               **Case No.  06-C-747**

STEVEN B. CASPERSON,
RICHARD VERHAGEN,
PATRICK LYNCH, and
MS. NICHOLAI,

               **Defendants.**

# ORDER

          Plaintiff Ty Schissel, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding on an equal protection claim based on allegations that other prisoners get security overrides to go to "lesser security institutions before their 'scheduled' dates" while the plaintiff does not. (Court's Order of October 4, 2006, at 8.) On November 1, 2006, the plaintiff filed a letter seeking clarification and reconsideration of the court's October 4, 2006, Screening Order. The plaintiff's letter, which the court construes as a motion for reconsideration, will be addressed herein.

          Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as

motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citations and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987). Compare *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

In his motion for reconsideration, the plaintiff requests the following "further clarification" of the Screening Order:

> 1. One of my claims, although apparently not very clear (Paragraphs 18(b), 31; App.F), is that the Wisconsin Program Review Classification form lists the out-of-state classification committee members as if they were State of Wisconsin employees.
>
> 2. Nothing on the Classification Summary Sheet indicates they are NOT State of Wisconsin employees.
>
> 3. Nothing shows they do not have the mandatory qualifications that the Wisconsin Department of Corrections requires of its own Staffing Committee.
>
> 4. These Summary Sheets (See paragraphs 18 & 31, complaint), with non-State-of-Wisconsin employees listed as if they were SOW employees, will remain in plaintiff's prison file for the next 50 years, pursuant to Statute.
>
> 5. I believe this is false representation, a denial of equal protections, due process and constitutes fraud, as well as constituting a violation of the defendants' oaths of office.

(Plaintiff's Letter Filed November 1, 2006.)

2

However, the Screening Order addressed these allegations, finding them frivolous:

> The plaintiff further contends that he is being denied equal protection and due process of law "wherein the Program Review Classification Summary sheets produced by the illegal classification committee . . . will remain in plaintiff's prison file for the next 50 years, pursuant to Statute." (Id. at 5 ¶ 31.) Finally, with respect to his state law claim, the plaintiff contends that the defendants "violated their oaths of office under ch.19, Wisconsin Stats., when they conducted said unconstitutional program review classification hearing and acquiesced to same jointly." (Id. at 5 ¶ 32.)
>
> Wisconsin Statute § 301.21(2m)(a) provides that the DOC "may enter into one or more contracts with a private person for the transfer and confinement in another state of prisoners who have been committed to the custody of the department." In addition, that statute grants the DOC the authority to delegate to employees at a private correctional facility in another state the responsibility of conducting reviews and making recommendations on the security classifications and program assignments of Wisconsin prisoners incarcerated in that facility. See Wis. Stat. 301.21(2m)(a)(8) (Any such contract shall provide for "[a]ny other matters as are necessary and appropriate to fix the obligations, responsibilities and rights of Wisconsin and the private person with which the department is contracting."); *State ex rel. Treat v. Puckett*, 643 N.W.2d 515 (Wis. Ct. App. 2002).
>
> The plaintiff does not contest the constitutionality of Wis. Stat. § 301.21(2m)(a)(8). In any event, even if he did, it is well-settled that Wis. Stat. § 301.21 (Contracts for the transfer and confinement of Wisconsin prisoners in other states) is constitutional. In *Pischke v. Litshcer*, 178 F.3d 497, 501 (7th Cir. 1999), the court held that Wisconsin prisoners' challenge to the statute as violating the Thirteenth Amendment's proscription on involuntary servitude was frivolous. The court also stated, "[n]or are we pointed to or can think of any other provision of

3

> the Constitution that might be violated by the decision of a state to confine a convicted prisoner in a prison owned by a private firm rather than by a government." *Id.* at 500. The court reasoned:
>
>> The Wisconsin statute authorizing transfer to private prisons required those prisons to adhere to "the same standards of reasonable and humane care as the prisoners would receive in an appropriate Wisconsin institution," Wis. Stat. Ann. § 301.21(2m)(a)(7), and no evidence has been presented that this requirement is being or will be flouted, let alone that the private prisons will fall below federal (Eighth Amendment) standards for the treatment of prisoners. A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity.
>
> *Id.* The plaintiff's claim that employees of the out-of-state private facility where he was incarcerated conducted his classification hearings is therefore frivolous. Moreover, the court declines to exercise jurisdiction over a state law claim based on these allegations. See 28 U.S.C. 1367(a).

(Court's Order of October 4, 2006, at 6-8.)

The plaintiff has not presented newly discovered evidence or shown that the Screening Order contains a manifest error of law. Therefore, his motion for reconsideration will be denied.

4

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**